IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES LEE MACK**     **PLAINTIFF**

**v.**     **No. 4:22CV6-NBB-RP**

**MARYLEN STURDIVANT, ET AL.**     **DEFENDANTS**

### MEMORANDUM OPINION *DISMISSING* PLAINTIFF'S CLAIMS REGARDING LOSS OF PRIVILEGES AND ADMINISTRATION OF THE GRIEVANCE PROCESS; *DISMISSING* DEFENDANTS MARYLEN STURDIVANT, RENITA HANDS, MARSHEA FIPPS, DEMETRIUS MUMFORD, AND RICHARD PENNINGTON; *DISMISSING AS MOOT* PLAINTIFF'S MOTIONS [23], [26] FOR TIME

On September 9, 2022, the court issued a show cause order [18] in this *pro se* prisoner case proceeding under 42 U.S.C. § 1983. The court ordered the plaintiff to show cause why the court should not dismiss his claims regarding the failure to extend him benefits under the High Risk Incentive Tier Program and the improper administration of the prison grievance procedure. In addition, the court ordered the plaintiff to show cause why the following defendants should not be dismissed with prejudice from this case: Marylen Sturdivant, Renita Hands, Marshea Fipps, Demetrius Mumford, and Richard Pennington.

### Plaintiff Concedes that His Allegations Regarding the Grievance Process Should Be Dismissed – and that Defendants Fipps and Pennington Should Be Dismissed

The plaintiff agrees that his claim regarding the improper administration of the prison grievance procedure should be dismissed with prejudice – and that defendants Marshea Fipps and Richard Pennington should be dismissed with prejudice from this case. The court will do so.

### The Plaintiff's Allegations Regarding Failure to Extend Privileges Must Be Dismissed With Prejudice – and Defendants Sturdivant, Hands, and Mumford Must Thus Be Dismissed With Prejudice

The plaintiff, however, argues that his claim regarding the failure to extend him privileges

under the High Risk Incentive Tier Program should proceed – and that the following defendants should remain in the case as to that claim: Marylen Sturdivant, Renita Hands, and Demetrius Mumford. His arguments are unavailing. He argues that he is entitled to the privileges set forth in the High Risk Incentive Tier Agreement: (1) outside recreation 5 days per week; (2) inside recreation outside of his cell for 1 hour per day; and (3) the ability to purchase items from the commissary. As discussed below, the unavailability of these privileges does not rise to the level of a deprivation severe enough to trigger due process protections.

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the condition the inmate faced was confinement in isolation. The court found that this condition fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 2301 and 2300. As such, the inmate's § 1983 was rejected.

In the present case, the plaintiff complains that he has fulfilled the requirements of the High Risk Incentive Tier Program but has not been granted the recreation and commissary privileges available through the program. The unavailability of these privileges clearly falls "within the expected parameters of the sentence imposed by a court of law" and "[does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin,*

*supra*. As such, these allegations do not state a viable claim under 42 U.S.C. § 1983. Thus, the plaintiff's claims regarding administration of the High Risk Incentive Tier Program will be dismissed with prejudice, and defendants Marylen Sturdivant, Renita Hands, and Demetrius Mumford will be dismissed from this case with prejudice, as the plaintiff's claims against them relate solely to these allegations.

## Conclusion

In sum, the plaintiff's claims regarding *administration of the grievance process* will be **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted. Further, as the plaintiff's allegations against defendant *Richard Pennington* involved only his participation in the grievance process, he will be **DISMISSED** with prejudice from this case. In addition, the plaintiff's claims regarding *withholding of privileges* will be **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted. As the plaintiff's allegations against defendants *Marylen Sturdivant*, *Renita Hands*, *Marshea Fipps* and *Demetrius Mumford* involved only the withholding of privileges, they will likewise be **DISMISSED** with prejudice from this case.

The plaintiff's claims against defendants *Superintendent Timothy Morris*, *Unit 29 Warden Lee Simon*, *Commissioner Burl Cain*, and *Deputy Commissioner Jeworski Mallet* regarding *unconstitutionally harsh general conditions of confinement* will, however, **PROCEED**. In light of this order, the plaintiff's motions [23], [26] to extend the deadline to respond to the court's show cause order are **DISMISSED** as moot.

**SO ORDERED**, this, the 1st day of November, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE