IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES LEE MACK**                                                                          **PLAINTIFF**

v.                                                                                                          **No. 4:22CV6-NBB-RP**

**MARYLEN STURDIVANT, ET AL.**                                          **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S CONDITIONAL
MOTION [17] FOR VOLUNTARY DISMISSAL**

This matter comes before the court on the motion [17] by the plaintiff to dismiss the instant case – but on the condition that the court require the Mississippi Department of Corrections to adhere to various policies identified by the plaintiff. Voluntary dismissals of actions are governed by Fed. R. Civ. P. 41, which states, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .

Fed. R. Civ. P. 41(a)(1)(A)(i). At the time the plaintiff filed the instant motion, the defendants had not appeared in the case. The Fifth Circuit has addressed the operation of a Rule 41 voluntary dismissal:

> [A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See Manshack v.* Southwestern *Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir.1990). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)).
>
> Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice.

*Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317–18 (5th Cir. 2002). In this case, ordering the defendants to adhere to various policies identified by the plaintiff would clearly prejudice the defendants.

For these reasons, the instant motion [17] for voluntary dismissal with conditions is **DENIED**. The court would entertain a motion for *unconditional* voluntary dismissal should the plaintiff decide to seek one.

**SO ORDERED**, this, the 9th day of February, 2023.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE